UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEVIN PRZEMYSLAW PAWLIK**<br>BOP #10028-023 | : | **CIVIL ACTION NO. 14-cv-3546**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for a writ of *habeas corpus* filed, *pro se*, pursuant to 28 U.S.C. § 2241 by petitioner Kevin Pawlik, an inmate in custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

As an initial matter, we recognize that Pawlik previously filed a 28 U.S.C. § 2241 motion with this court based on nearly identical grounds as the one before us now; namely, that incorrect information in his presentence report resulted in an improper application of a Sex Offender Public Safety Factor (hereinafter "PSF") to his custody classification. Doc. 1, att. 1, p. 2. Pawlik's prior § 2241 was dismissed with prejudice on May 19, 2010. *See Pawlik v. Young*, 2010 WL 2428123 (W.D. La. May 19, 2010).

Other than providing the court with the administrative remedies that he filed in 2014, Pawlik offers very little new information in the instant case. As such, we reiterate the following summary of facts taken from our Report and Recommendation issued in the earlier case:

> In 2002...petitioner was convicted of conspiracy to distribute MDMA (Ecstasy) and LSD, distribution of a controlled substance to a person under age 21, and use of a firearm in relation to a drug trafficking crime.
>
> According to petitioner, prior to the imposition of sentence, a Pre-Sentence Report (PSR) was prepared and presented to him for review. Petitioner asserts that he timely objected to several references and statements contained in the PSR which alleged that petitioner was "sexually involved with underage, teenage girls and that Petitioner purportedly waved a gun at one of them...." Doc. 1, att. 2, p. 4. However, it appears that the sentencing court rejected petitioner's objection and accepted and relied upon the PSR as written. Nevertheless, petitioner asserts that the accusations contained in the PSR are false and that those false accusations have been adopted and relied upon by the BOP in their determination that petitioner should be classified as a "sex offender."
>
> On September 8, 2008, petitioner submitted a Request for Administrative Remedy (BP–9) to the Warden. In that grievance, petitioner demanded that "... BOP employees correct erroneous information in my personal file that is incorrect, prejudicial as it results in a public safety factor ('PSF') being unfairly imposed...." Doc. 1, p. 13….In support of his assertion that these claims were false, he provided excerpts from the trial transcripts which purportedly refuted those findings. Doc. 1, pp. 10–12.
>
> On October 1, 2008, petitioner's grievance was rejected by Warden Young who noted,
>
>> The [BOP] relies on the information provided by the sentencing court, in the form of the Presentence Report, when applying a PSF. The PSR is viewed as a factual document, and as a result, all information contained in the report is considered when initial security designations are completed.... Information contained in your PSR indicates it was not uncommon for you to provide young girls with ecstasy so you could have sex with them…. Based on this information the PSF of Sex Offender was applied....
>
> Petitioner appealed this decision to the Regional Administrator on October 9, 2008, and to the Central Office on December 30, 2008. Doc. 1, pp. 17–18, 21–22. Both appeals were rejected finding insufficient information to remove or alter the sex offender public safety factor. Doc. 1, pp. 19–20, 23.

*Pawlik*, 2010 WL 2428123, at *1-2.

On March 31, 2014, Pawlik submitted an Informal Request for Remedy to the case manager. Doc. 1, att. 2, pp. 7-8. Therein, he requested removal of the PSF but the issue was not resolved. Thereafter, he filed three separate grievance forms (BP-9, BP-10, BP-11) between April and August of 2014, but two were denied and one was apparently never addressed. Petitioner claims he filed the instant suit because he never received a response on the last filed grievance. *See* Doc. 1, atts. 1- 2.

Pawlik signed and dated the instant *habeas* petition on Dec. 17, 2014, but it was not filed until December 31, 2014. Herein, he again challenges the application of the PSF to his prison record based on an allegation that his presentence report contains false information. Doc. 1, att. 1, p. 2. Pawlik contends that the allegedly incorrect application denies him the opportunity to be incarcerated in a minimum security prison or be placed in a half-way house. *Id.*

## II.
### LAW AND ANALYSIS

#### A. *Habeas Relief*

Pawlik seeks *habeas corpus* relief based on his claims that that his PSR contains false information. However, § 2241 is not the proper vehicle for bringing such claims. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, the relief that Pawlik seeks relates to matters that occurred at or prior to sentencing, namely the inclusion of incorrect information in his presentence report. As such, his claims are not properly asserted under § 2241. Rather, to the extent that the claims he raises impact his confinement or the duration thereof, they should be advanced in a § 2255 motion to vacate. Under

certain circumstances, however, his § 2241 petition may be properly construed a § 2255 motion. *Tolliver v. Dobre,* 211 F.3d 876, 877, 878 (5th Cir. 2000). The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of demonstrating the inadequacy or ineffectiveness of § 2255 rests on the petitioner. *Jeffers,* 253 F.3d at 830.

A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make such a remedy inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Pawlik does not satisfy the criteria set forth above. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Thus, he cannot rely on the savings clause of § 2255 to bring this action under § 2241.

### B. Civil Rights Relief

Pawlik states that he is "challenging the incorrect application of the sex offender public safety factor to his prison records which adversely affect the conditions of [his] confinement." Doc. 1, att. 1, p. 2. Attacks on conditions of confinement are not cognizable in a *habeas* petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th

Cir.1994).  The appropriate vehicle is a civil rights action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 91 S.Ct. 1999 (1971) .[1] *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987).  However, Pawlik fares no better under this approach, because in order to succeed on a *Bivens* action, one must show that there has been a constitutional violation, and a prisoner does not have a constitutionally protected liberty or property interest in his custodial classification. *Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003) (finding that "this circuit has continued to hold post-*Sandin* [*v. Conner*, 515 U.S. 472 (1995)] that an inmate has no protectable liberty interest in his classification.")

The BOP's classification procedures are within the discretion of the Attorney General as delegated to the Director of the BOP. See 18 U.S.C. § 4081; 28 C.F.R. § 0.96. In other words, a BOP inmate lacks constitutional interest in his custodial classification, and thus his mere disagreement with that classification is insufficient to establish that his custody violates the Constitution.  *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir.1992).

Pawlik has not shown evidence of any constitutional or federal statutory violation with respect to the BOP's reliance upon the information contained in his PSR and their classification of him as a sex offender or otherwise. Pawlik has not carried his burden of establishing that his custody is in violation of the Constitution and laws of the United States.

### III.
#### CONCLUSION

As stated above, § 2241 is not the proper statute for Pawlik to assert his claim that his PSR contains false information and furthermore, he has not met the "savings clause" of § 2255. Consequently, this court lacks jurisdiction to consider his claims,

---

[1] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized under *Bivens* rather than under 42 U.S.C. § 1983.

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 10th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE